IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60131
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

L.C. LEWIS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-cr-88-BN
- - - - - - - - - -
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

L.C. Lewis challenges the sentence he received after he pleaded guilty to distributing one ounce of cocaine base, in violation of 21 U.S.C. § 841(a)(1). According to Lewis there is no scientific distinction between cocaine base and cocaine powder, and, therefore, no reason for an enhanced penalty.

The disparate sentencing provisions for crack cocaine and cocaine powder in the sentencing guidelines do not violate

---

[*]     Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

constitutional due process guarantees.  United States v. Thomas, 932 F.2d 1085, 1090 (5th Cir. 1991), cert. denied, 502 U.S. 1038 (1992).  This court noted that Congress was entitled to treat the two substances differently because they are different chemical substances that are prepared for use in different manners.  Id.; United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992).  "[T]he fact that crack cocaine is more addictive, more dangerous, and can therefore be sold in smaller quantities is reason enough for providing harsher penalties for its possession."  United States v. Watson, 953 F.2d 895, 898 (5th Cir.), cert. denied, 504 U.S. 928 (1992).  Thus, the district court did not incorrectly apply the guidelines.

Lewis's argument that the rule of lenity should apply to his sentence because Congress did not define cocaine base is also foreclosed by existing case law.  In Thomas, 932 F.2d at 1090, the court proclaimed: "We also reject the contention that [§ 841] is infirm because it does not define the term `cocaine base.'" Lewis's argument that the court should look to a purported amendment to the guidelines which does away with any distinction between cocaine base and cocaine powder is likewise without merit.

This appeal borders on being frivolous.  Counsel cites no cases in this Circuit to support any of his arguments.  In fact, two of his arguments are foreclosed by existing Fifth Circuit case law, which he fails to acknowledge.  Additionally, this court will not apply a purported proposed amendment to the guidelines that has yet to take effect.  And yet, counsel

requests oral argument to expound his groundless contentions. Counsel is cautioned that he is subject to sanctions and has a duty not to bring frivolous appeals.  See United States v. Burleson, 22 F.3d 93, 95 (5th Cir.), cert. denied, 115 S. Ct. 283 (1994).

AFFIRMED.